The rate of interest in this State is fixed by statute (1 R.S., 771, § 1,) at seven per cent. By section 2, all persons and corporations are forbidden, either directly or indirectly, to take or receive more than that rate; and section 3 declares that "every person who, for any loan or forbearance of money, shall pay or deliver any greater sum or value than is allowed by law, and his personal representatives, may recover in an action against the person who shall have taken or received the same, and his personal representatives, the amount of the money so paid or value delivered, above such rate, if such action be brought within one year after such payment or delivery."
This action is brought under that section of the statute, and the defendants insist that it cannot be maintained because corporations are not included within the language of that section, and are not authorized by it to bring an action like this; that a right of action to recover back usury actually paid is only given to natural persons.
It is important to note that while the second section, which prohibits the taking of usury, names both "persons andcorporations" as within the prohibition, the third section only names "persons" as authorized to recover back any excess of interest paid. Using the term corporation in one section, and omitting it in the next, indicates that the omission was intentional on the part of the legislature, and that it did not intend to confer upon corporations the right given by that section to individuals.
The legislature has, in two instances in the statute, and in only two, seen fit to define the word "person," and to declare that, when used in the sections or chapters therein designated, it should be construed to mean "corporations," c., viz., that which relates to "crimes and their punishments," and that which relates to "promissory notes and bills of exchange." The implication from this fact, in the absence of any general statute on the subject, is, that where the term "person" is used in other parts of the statute, its meaning is not to be extended beyond its common and ordinary signification. *Page 281 
That being so, the right to bring an action for the recovery of the excess paid upon a usurious transaction is not given to corporations, and this would accord with the more recent statute which prohibits a corporation from interposing the defence of usury.
It was enacted in 1850 that no corporation should thereafter interpose the defence of usury in any action. The plaintiff insists that this statute was intended only to deprive corporations of the right to avail themselves of a forfeiture of the contract given by the statute of usury as a defence, and not to interfere with any rights of action given by any other statute to recover back any excess of interest actually paid beyond the legal rate. Such, however, is not its fair construction. Its legitimate effect was to repeal the existing usury laws of this State as to corporations. (Curtis v. Leavitt, 15 N.Y., 9.)
It is certain, therefore, that this action could not be maintained by the corporation itself. The receiver stands in no better position. He is the representative of the corporation, having its title to the assets and subject to its disabilities in relation to all its affairs. He can assert no claim which it could not; and the corporation having no right of action for this matter, he had none.
All the judges concurred in the result, without committing themselves to the reasoning of either of the preceding opinions, or in any respect further than necessary to decide the case.
Judgment affirmed.